**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA.** | ) | |
| | ) | |
| **v.** | ) | **3:07-CV-0037-D** |
| | ) | **(3:92-CR-365-D(27))** |
| **LESTER HENRY ROBINSON, #23967-077,** | ) | |
| **Defendant/Movant.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* motion to vacate, set aside or correct the sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Movant is an inmate in the federal prison system. He is presently incarcerated at FPC Terre Haute in Terre Haute, Indiana. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Movant was sentenced to life imprisonment after pleading guilty to a drug conspiracy involving five kilograms or more of cocaine and fifty grams or more of cocaine base. The Court of Appeals affirmed his conviction and sentence on direct appeal. *United States v. Robinson*, No. 94-10218 (5th Cir. Nov. 16, 1994). Movant then filed a motion to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255, which was denied on the merits. *United States v. Robinson*, No. 3:01cv1312-D (N.D. Tex. Oct. 26, 2001), rec. accepted

(N.D. Tex. Nov. 30, 2001), COA denied, No. 02-10008 (5th Cir. Aug. 23, 2002).

On September 16, 2005, Movant filed a motion for resentencing, requesting the Court to reduce his sentence based on the retroactive application of Amendment No. 505, which changed the Drug Quantity Table in U.S.S.G. § 2D1.1. The District granted the above motion on January 18, 2006, reducing his sentence to 400 months.

Thereafter, on July 3, 2006, Movant filed an *ex parte* motion for leave to file a second or successive motion for post-conviction relief under § 2255 raising *inter alia* a claim under *United States v. Booker,* 543 U.S. 220 (2005). The Court denied this motion without prejudice to his right to re-file his motion in the United States Court of Appeals for the Fifth Circuit. *United States v. Robinson*, No. 3:92cr3650D(27) (N.D. Tex. Jul. 10, 2006), rec. accepted (N.D. Tex. Aug. 16, 2006). Upon re-filing of his motion, the Fifth Circuit denied the same for failure to comply with a notice of deficiency. *In re Robinson*, No. 06-10943 (5th Cir. Oct. 16, 2006).

In this § 2255 motion, filed on January 8, 2007, Movant seeks to challenge "his newly imposed sentence" under *United States v. Booker*, 543 U.S. 220 (2005). (§ 2255 Mot. at 1-2). He argues that his motion is not second or successive because this is his "first collateral attack on the second sentence imposed on January 18, 2006." (*Id.*).

<u>Findings and Conclusions:</u>  This action is subject to the screening provisions set out in 28 U.S.C. § 2255, ¶ 8, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. *See In re Tolliver*, 97 F.3d 89, 90 (5th Cir. 1996). That section provides that a second or successive motion filed by a person attacking a sentence under § 2255 "must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals" before it can be heard in the district court. *See* 28 U.S.C. § 2255, ¶ 8; 28 U.S.C. § 2244(b)(3)(A); *In re Elwood*,

408 F.3d 211, 212 (5th Cir. 2005).  In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit stated that "'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until . . . [the Fifth Circuit] has granted the petitioner permission to file one.'"  *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

In general, "a later petition is successive when it:  1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  *Crone,* 324 F.3d at 836-37 (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998)); *see also United States v. Gibbs*, 82 Fed. Appx. 879, *880, 2003 WL 22945656, *1 (5th Cir. 2003) (unpublished per curiam) (applying In re Cain in the context of a second or successive § 2255 motion); *Barr v. United States*, 2003 WL 1113252, *1 (5th Cir. 2003) (unpublished per curiam) (same).

Movant argues that this § 2255 motion is not second or successive because it is his "first collateral attack on the second sentence imposed on January 18, 2006." (§ 2255 Mot. at 1-2).  He relies on *In re Taylor*, 171 F.3d 185, 188 (4th Cir. 1999), which held that a § 2255 motion is not second or successive when it seeks to raise only issues arising from a re-sentencing.

In *United States v. Orozco-Ramirez*, 211 F.3d 862 (5th Cir. 2000), the Fifth Circuit addressed a circumstance similar to *In re Taylor* -- namely whether a § 2255 motion is second or successive following the re-entry of a judgment of conviction to permit a defendant's out-of-time direct appeal.  The Court concluded that a § 2255 motion is second or successive if it raises a claim  (1) that was or could have been raised in an earlier petition, or (2) otherwise constitutes an abuse of writ.  *Id.* at 867.  In applying the above standard, the Fifth Circuit held that Movant's

3

claim of ineffective assistance of counsel at trial, which related to the original judgment of conviction and sentence, was second or successive, and thus should have been raised in the initial § 2255 motion, but that his claims arising from the out-of-time appeal could be raised in the second § 2255 motion. *Id.* at 869.

In summary, *In re Taylor* and *Orozco-Ramirez* involved the granting of a § 2255 motion, which resulted in a re-sentencing in the former, and the granting of an out-of-time appeal in the latter. The Fourth and Fifth Circuits held that claims arising during those proceedings could be raised in a second § 2255 motion because they could not have been raised earlier.

This case is distinguishable from *In re Taylor* and *Orozco-Ramirez*. It did not involve the granting of a § 2255 motion which resulted in either a re-sentencing or the granting of an out of time appeal. Moreover, no new claims arose solely as a consequence of the granting of Movant's motion for reduction of sentence. As a matter of fact, the District Court granted Movant's motion for reduction of sentence in the same memorandum opinion and order that modified the sentence of imprisonment to 400 months. *See United States v. Robinson*, No. 3:92cr0365-D(27) (Jan. 18, 2006 Memorandum Opinion and Order at 4). The Court did not hold a re-sentencing hearing and specifically stated that "[i]n all other respects the original judgment and sentence of the court shall stand as entered." (*Id.*).

In light of the above, Movant's assertion that his *Booker* claim relates only to his newly imposed sentence is disingenuous and patently frivolous. The Court notes that Movant sought to raise a claim under *Booker* in his July 3, 2006 ex parte motion for leave to file a successive § 2255 motion. Movant's first § 2255 motion also raised a claim under *Booker's* predecessor, *Apprendi v. New Jersey,* 530 U.S. 466 (2000). Moreover, it appears that Movant's sole reason to

4

limit his *Booker* claim to the modified sentence is to avoid the well established rule that *Booker* does not apply retroactively to cases on collateral review for purposes of a successive motion under § 2255.  *See In re Elwood*, 408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam); *see also United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005) (*Booker* does not apply retroactively on collateral review to a first § 2255 motion).

The Court concludes that any claims under *Booker*, and its progeny, were available long before Movant's sentence was reduced in January 2006.  As a result, the present § 2255 motion is successive under the AEDPA.  *Crone*, 324 F.3d at 836-37 (federal petition is successive when it raises a claim that could have been raised in an earlier petition).

In light of the successive nature of the present § 2255 motion, this Court lacks jurisdiction to consider it unless the Fifth Circuit Court of Appeals first grants Movant leave to file the same.  *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).  Therefore, this § 2255 motion should be dismissed for want of jurisdiction.  Such a dismissal, however, is without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A).  *See In re Epps*, 127 F.3d 364, 364 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals); *see also In re Tolliver*, 97 F.3d 89, 90 (5th Cir. 1996).[1]

---

[1] To obtain the requested authorization to file a successive § 2255 motion, a Movant must show that the motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by

5

RECOMMENDATION:

For the foregoing reasons it is recommended that Movant's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 be DISMISSED without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

The Clerk will mail a copy of this recommendation to Movant.

Signed this 5th day of March, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (per curiam).